IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2006 JUL 13 A 9:25

**ORIGINAL**

STANLEY FORBES,
    Petitioner,

VS.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL CASE
NO. 2:06CV614-WHA

CRIMINAL CASE
NO. 95-141-S

---

**PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

---

COVER PAGE

---

STANLEY FORBES
REG. NO. 09353-002
FEDERAL CORRECTIONAL INSTITUTION
PMB 1000
TALLADEGA, AL 35160

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STANLEY FORBES,<br>    Petitioner, | * | CIVIL CASE |
| | * | NO. _____ |
| VS. | | |
| | * | CRIMINAL CASE |
| UNITED STATES OF AMERICA,<br>    Respondent. | | NO. 95-141-S |
| | * | |

---

**PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

---

Stanley Forbes, petitioner pro se (Forbes), applies to this Court pursuant to 28 U.S.C. § 2255 and seeks to vacate, set aside or correct his conviction and sentence. In support of this motion petitioner Forbes submits the following:

1. The judgment under attack was entered in the United States District Court, for the Middle District of Alabama, Montgomery Division.

2. The judgment under attack was entered on June 20, 1996.

3. The judgment of conviction under attack resulted in a composite sentence of imprisonment consisting of 236 months followed by a term of supervised release of 5 years.

4. The nature of the offense involved the following acts of drug trafficking:

    (a) conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count One);

    (b) distribution of cocaine base in violation of 21 U.S.C. 841(a)(1) (Count Two); and

    (c) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Four).

5. Petitioner Forbes entered a plea of not guilty and proceeded to trial by jury. The trial commenced on December 4, 1995, and concluded on December 7,

1995. Petitioner Forbes was found guilty on Counts One, Two and Four.

6.  Petitioner Forbes filed a direct appeal of his judgment of conviction and sentence.

7.  Petitioner Forbes' appeal was filed in the United States Court of Appeals for the Eleventh Circuit, Case No. 96-6655. The Court of Appeals affirmed Forbes' judgment and sentence on June 6, 1997, in an unpublished opinion.

8.  No petition for rehearing was filed.

9.  No petition for certiorari was filed with the U.S. Supreme Court.

10. On October 8, 1997, Petitioner Forbes has previously filed a "Motion to Reverse and Dismiss For Lack Of Subject Matter Jurisdiction Pursuant To Rule 12(B)(2) Of The Federal Rules Of Criminal Procedure." The Motion was construed as a motion filed pursuant to 28 U.S.C. § 2255 and on January 6, 2000, a magistrate judge recommended denying the motion. On January 25, 2000, the District Court adopted the magistrate's recommendation.

11. On May 27, 2005, Petitioner Forbes filed an "Application For Leave To File A Second Or Successive Motion To Vacate, Set Aside Or Correct Sentence" with the Eleventh Circuit Court of Appeals. On June 22, 2005, the Eleventh Circuit Court issued an opinion denying as unnecessary Forbes' Application to file a second § 2255 motion. See Attachment A. The Eleventh Circuit Court held that Forbes' Rule 12(b) Motion does not count as an initial § 2255 motion for purpose of the "second or successive" requirements because the district court failed to inform Forbes that his Rule 12(b) motion was being construed as a § 2255 motion as required by the ruling in Castro v. United States, 540 U.S. 375 (2003). Id.

2

12. Petitioner Forbes submits the following grounds to support his claim that he is being held or sentenced unlawfully:

A. <u>GROUND ONE</u>. Ineffective Assistance of Counsel. Trial and Appellate Counsels for Petitioner Forbes rendered ineffective assistance during pretrial, trial sentencing and direct appeal. Counsels' ineffective assistance amounted to a constitutional violation and significantly affected the outcome of Forbes' trial, sentence and appeal. Forbes claims that the instances of ineffectiveness occurred during trial, sentencing and direct appeal proceedings.

B. <u>GROUND TWO</u>. Confrontation Violation. Forbes was denied his Right to Confront witnesses as set forth in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

C. <u>GROUND THREE</u>. Apprendi/Blakely/Booker Violation. Forbes was denied his Sixth Amendment Right to have a jury decide facts use to increase his sentence.

13. Grounds One through Three have not been previously presented.

14. Petitioner Forbes does not have petition or appeal now pending in any court.

15. Petitioner Forbes was represented by Bart Gregory Harmon, Private Attorney (Appointed by the Court), whose address is, P.O. Box 238, Montgomery, Alabama 36101-0238 (during pretrial); Elizabeth Barry Johnson Pucket, Federal Defenders' Office (and also Private Attorney)(Appointed by the Court), whose address is Federal Defenders' Office, 201 Monroe Street, Suite 1960, Montgomery, Alabama 36104 (and also P.O. Box 55727, Birmingham, Alabama 35255-5727)(during pretrial and trial); John William Focke, II, Federal Defenders' Office, whose address is 201 Monroe Street, Suite 1960, Montgomery, Alabama 36104 (during trial and sentencing); Gregory L. Beck, Jr., Private Attorney (Appointed by Court), whose address is, P.O. Box 2069, Montgomery, Alabama 36102-2069 (appeal but later rescinded); Barry Elvin Teague, Private

3

Attorney (Appointed by Court), whose address is P.O. Box 586, Montgomery, Alabama 36101 (for appeal but withdrawn prior to appeal); Honorable William W. Whatley, Jr., Private Attorney (Appointed by Court), whose address is P.O. Box 23 0743, Montgomery, Alabama 36123-0743 (appeal).

16. Petitioner Forbes does not have any future sentence to serve after completion of the sentence imposed by judgment under attack.

## FACTS AND MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR
## CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255

Petitioner Forbes, pro se moves this Honorable Court to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. In support of this motion, Forbes respectfully submits the following:

### JURISDICTION

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct sentence." 28 U.S.C. § 2255.

A 1-year period of limitations shall apply to a motion under this section. The limitation shall apply to a motion from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which any government-impediment to making a motion is removed; (3) the date on which the right giving rise to the motion was recognized by the Supreme Court; or (4) the date on which evidence is newly discovered that gives rise to the motion. See 28

U.S.C. § 2255 (2006). Petitioner Forbes' motion is timely filed under <u>Castro v. United States</u>, 540 U.S. 375 (2003), and Eleventh Circuit ruling denying application to file successive § 2255 motion as unnecessary.

## I. STATEMENT OF THE CASE.

In late 1993, Petitioner Forbes, a resident of Miami, Florida, met Elosie Lewis, a resident of Samson, Alabama. A relationship ensued between Forbes and Lewis. Subsequently, in mid-1994, Forbes met Keith Simmons in Miami. Forbes and Simmons discussed the proposition that crack cocaine rocks could be purchased in Miami for five dollars and resold at four-to-six times that amount in Samson.

In late 1994, Forbes and Simmons traveled to Samson to visit Lewis, bringing fifty rocks that they sold during their three-day stay in Alabama. Forbes and Simmons returned to Miami with their profit. Two weeks later they returned with one and one-quater ounces of cocaine base, purchased with the proceeds from the prior rock sale, that they sold in Samson. This routine was repeated again with three ounces of cocaine base. Forbes brought Pedro McPhee into the operation in December, 1994. Forbes and McPhee, with money provided by Simmons, made the Miami-to-Alabama run two more times.

In January 1995, Lewis contacted state and federal narcotics authorities and offered to assist them, by making controlled purchases of crack cocaine from Forbes, McPhee, and Simmons. By this time Forbes, McPhee, and Simmons had moved to Defuniak Springs, Florida, to avoid increased narcotic-related law enforcement operations in Samson.

Lewis and drug agents made monitored telephone calls to Defuniak Springs. During the calls, Forbes and Lewis discussed prices and locations of crack sales. Forbes and McPhee met Lewis on February 16, 1995, at a Wal-Mart in Geneva, Alabama in a car rented by Simmons. The three completed the drug transaction in an adjoining parking lot.

From February 16, 1995, until Forbes' arrest on May 24, 1995, Forbes, Simmons, and McPhee continued the pattern of purchasing cocaine in Miami, transporting it to Defuniak Springs, and distributing from there.

Lewis introduced undercover agent Robert Thorton to Simmons and McPhee. Thorton twice purchased drugs from the two and discussed plans to purchase a one-quarter kilogram in the future.

Thorton arranged with Forbes to buy nine ounces when Simmons returned from Miami. Simmons arranged for the transport of the cocaine powder from Miami to Defuniak Springs by Franklin Bodie and Shantell Hunt via commercial carrier. McPhee picked Bodie and Hunt up at the bus station and took them to the Defuniak Springs house where powder was cooked into crack. Forbes assisted in the cooking process by weighing the powder and placing the finished product in one-ounce quantities into individual bags.

McPhee and Forbes, carrying a pistol grip shotgun, then drove to the Geneva, Alabama Wal-Mart where the drug transanction was scheduled to take place. Upon their arrival, McPhee and Forbes were arrested by narcotics law enforcement agents.

Forbes was indicted in a five-count indictment for conspiracy to distribute cocaine base (Count 1); distribution of cocaine base (Count 2 and 3); possession of cocaine base with intent to distribute (Count 4); and use of a firearm during and in relation to a controlled substance offense (Count 5). After a three-day trial, the jury returned verdicts of guilty on Counts 1, 2, and 4 of the indictment. Forbes was sentenced to 236 months' imprisonment.

Forbes appealed his conviction and sentence. On appeal, Forbes argued that: (i) there was insufficient evidence of a conspiracy relationship between himself, Simmons, McPhee and Bodie; (ii) the district court erred by not applying the rule of lenity with respect to the disparate treatment of cocaine and cocaine base; and (iii) he should have received a reduction of his offense level for his

6

role as a minor participant as he was merely "a love-struck, jealous, 'wheelman'" for the other participants. The Eleventh Circuit Court of Appeals affirmed Forbes' conviction and sentence in an unpublished opinion.

This application for relief follows:

## II. GROUNDS FOR RELIEF.

### A.

### GROUND ONE

#### Ineffective Assistance of Counsel In Violation of The Sixth Amendment.

Petitioner Forbes was denied effective assistance of counsel as secured by the Sixth Amendment of the Constitution. Forbes alleges that there are several instances of Counsels' ineffective assistance which rendered his conviction and sentence unlawful. The several instances of deficient performances occurred during, trial, sentencing and appeal:

(i)

**FORBES WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL AND HIS DEFENSE WAS PREJUDICED WHERE CONFIDENTIAL DEFENSE DISCUSSIONS WERE MONITORED AND LATER COMMUNICATED TO THE PROSECUTION TEAM AS A RESULT OF GOVERNMENT INTRUSION INTO ATTORNEY-CLIENT RELATIONSHIP BETWEEN FORBES AND HIS TRIAL ATTORNEYS.**

Petitioner Forbes, while awaiting trial was released on bail. During the interval between his release and trial, Forbes attended several meetings with his attorneys, Bart Harmon, Elizabeth Barry Johnson, and John Focke, III. accompanying Forbes to the attorney-client meetings was confidential informant Elosie Lewis. During each meeting, Forbes and each of his aforementioned attorneys discussed Forbes' trial strategy. During the trial-strategy-discussions, confidential informant Lewis was present and participated therein. In some instances, Lewis took the initiative to devise trial strategy for Forbes. Following the meetings, Lewis reported the attorney-client-trial discussions to law enforcement agents and subsequently testified as a prosecution witness during

8

Forbes' trial.

Forbes asserts that his trial strategy was compromised and prejudiced by the Government's intrusion into the attorney-client relationship and defense strategy through the use of confidential informant Lewis. Forbes seeks an evidentiary hearing to further develop facts involving this allegation.

(ii)

## SPEEDY TRIAL ACT VIOLATION

Petitioner Forbes was denied his Right to a speedy trial in violation of 18 U.S.C. §§ 3161-3174 (Speedy Trial Act). There were two specific violations of the Speedy Trial Act. First, the trial court granted attorney Johnson's motion to continue Forbes' trial based on an "in the interest of justice" determination. However, the trial court in violation of § 3161(h)(8) of the Speedy Trial Act failed to make an on-the-record finding that the ends of justice would be served by granting the continuance and that the continuance outweighed the public's and Forbes' interest in a speedy trial.

Second, Forbes' Rights were violated under § 3161(c)(2) of the Speedy Trial Act when he proceeded to trial less than 30-days from the date on which he first appeared through Attorney Focke, II.

The sanction for a violation of § 3161(c)(2) requires dismissal of the indictment. See 18 U.S.C. § 3162.

(iii)

## JURY MISCONDUCT

Petitioner Forbes was denied his Right to a fair and impartial jury trial where jury member known to Forbes was impaneled on the jury, participated in deliberations and returned a verdict of guilty against Forbes. The jury member is guilty of misconduct for failing to report to the court that he had previously met with Forbes and he and Forbes had engaged in extensive discussions.

9

### (iv)
### WAIVER OR INTERFERENCE WITH RIGHT TO TESTIFY

Forbes had a compelling desire to testify during trial in his defense and offer his version of what the story was in this case regarding his alleged participation in drug transactions. Forbes does not recall the Court asking him whether he would like to testify in his defense. However, Forbes recalls Attorney Focke, II., advising the Court that Forbes declines to testify and there was no further inquiry by the Court. Attorney Focke, II., improperly waived or interfered with Forbes Right to testify.

### (v)
### GENERAL SENTENCE

When imposing sentence, the court imposed a general sentence of 236 months of imprisonment and 5 years supervised release. This sentence is unlawful as Forbes has been convicted of multiple offenses.

Forbes' counsels were advised of each of the aforementioned instances and either failed to object, challenge or raise on appeal the constitutional error.

### B.
### GROUND TWO
### SIXTH AMENDMENT CONFRONTATION VIOLATION

Petitioner Forbes asserts that his Sixth Amendment Right to confront witnesses as set forth in <u>Crawford</u> was violated. Petitioner Forbes seeks a court order providing him copies of his trial record so that he may perfect this issue along with other potential claims for relief. A separate motion seeking a court order has been filed explaining why Forbes is without his trial record.

### C.
### GROUND THREE
### SIXTH AMENDMENT APPRENDI/BLAKELY/BOOKER VIOLATION

Petitioner Forbes asserts that there were no drug quantities alleged in his

indictment and therefore his sentence of 236 months of imprisonment violates his Sixth Amendment right to a jury trial as set forth in Apprendi,[1] Blakely[2] and Booker.[3] Moreover, the two level increase in his sentence based on the shotgun which the jury acquitted Forbes of violates Apprendi, Blakely and Booker.

### III. REQUEST FOR AN EVIDENTIARY HEARING.

Petitioner Forbes respectfully request an evidentiary hearing on the claims presented herein.

### CONCLUSION:

WHEREFORE, based upon the forgoing Petitioner Forbes respectfully urges that the Court grant the relief he has sought.

STANLEY FORBES, PRO SE.

**EXECUTED ON THIS 22ND DAY OF JUNE, 2006.**

### DECLARATION OF PETITIONER

I, Stanley Forbes, hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge. I further declare that this petition was delivered to prison officials for mailing, or depositing in the prison's internal mail system on June 22, 2006.

STANLEY FORBES

DATED THIS 22ND DAY OF JUNE, 2006.

---

[1]. <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

[2]. <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

[3]. <u>United States v. Booker</u>, 543 U.S. 220 (2005).

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-12993-F

IN RE: STANLEY FORBES,

Petitioner.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUN 2 2 2005
THOMAS K. KAHN
CLERK

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

Before **BIRCH, BLACK and PRYOR, Circuit Judges.**

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), Stanley Forbes has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In 1997, Forbes filed his original § 2255 motion, which the district court denied with prejudice. (See Middle District of Alabama case no. 95-00141-EEC-ALL). Forbes indicates that he wishes to raise an ineffective assistance of counsel claim in a second or successive § 2255 motion. He asserts that he is relying upon a new rule of constitutional law, citing cites Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), for the proposition that a district court may not recharacterize a pro se litigant's pleading as a § 2255 motion without first notifying the litigant of the intended recharacterization and its consequences and providing the litigant an opportunity to withdraw or amend the motion. He has attached the magistrate's report and recommendation from his initial § 2255 proceeding, showing that the district court construed his "Motion to Reverse and Dismiss Convictions for Lack of Subject Matter Jurisdiction pursuant to Rule 12(B)(2) Title 18 U.S.C." as a § 2255 motion before denying it.

In Castro, the U.S. Supreme Court held that, when a district court characterizes a pro se litigant's pleading as an initial § 2255 motion, the court must (1) notify the pro se litigant that it intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and (3) provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. 540 U.S. at 383, 124 S.Ct. at 792. If the district court fails to do so, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id.

In the instant case, if motion for which Forbes has attached the magistrate's report and recommendation, which was construed as a § 2255 motion in the district court, is the only § 2255 motion that Forbes has filed, then Forbes does not need this Court's permission to file a "second or

2

successive" motion. Because the district court apparently did not follow the procedure set out in Castro, which had not been decided by the Supreme Court at that time, that motion does not count as an initial § 2255 motion for purposes of the "second or successive" requirements. See id. Forbes may simply file a § 2255 motion in the district court and the district court will treat it as an initial motion. If the district court does not and dismisses the motion as successive, Forbes may appeal to this Court. See Castro v. United States, 358 F.3d 827-28 (11th Cir. 2004) (reversing the district court's finding that a motion was successive where the petitioner was not informed of the consequences of its sua sponte recharacterization of his first motion, and remanding for consideration of the merits of the new motion). Thus, Forbes's application to file a second or successive motion is DENIED AS UNNECESSARY.