IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY FORBES, | ) ) ) | |
| Defendant/Movant, | ) ) | |
| vs. | ) ) | CASE NO. 2:06cv614-WHA-DRB |
| | ) | (No. 95cr141-S) |
| UNITED STATES, | ) ) | |
| Respondent. | ) ) | |

**UNITED STATES'S RESPONSE TO § 2255 MOTION**

In compliance with this Court's order, the United States responds to Defendant/Movant Stanley Forbes's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS[1]**

On December 7, 1995, Stanley Forbes was convicted by a jury in Case No. 1:95cr141-EEC on three counts of violating 21 U.S.C. § 846 (one count) and 21 U.S.C. § 841(a)(1) (two counts). On June 20, 1996, this Court sentenced him to serve concurrent terms of 236 months in prison for each conviction. Forbes appealed his convictions to the United States Court of Appeals for the Eleventh Circuit, which affirmed the decision of this Court on June 6, 1997. Forbes did not petition for a writ of certiorari to the United States Supreme Court.

On October 8, 1997, Forbes filed a "Motion to Reverse and Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(B)(2) of the Federal Rules of Criminal Procedure." This Court construed the motion as one filed under 28 U.S.C. § 2255 and denied relief.

---

[1] The United States essentially agrees with Forbes's case history. (Doc. 1, at ¶¶ 1-11.)

On May 27, 2005, Forbes sought permission to file a second § 2255 motion from the Eleventh Circuit. On June 22, 2005, an appellate panel ruled that Forbes did not need permission to file a § 2255 motion under <u>Castro v. United States</u>, 540 U.S. 375, 124 S.Ct. 786 (2003) (prohibiting a district court from recharacterizing a <u>pro se</u> litigant's pleading as one under § 2255 without first notifying the litigant of the consequences, and providing an opportunity to withdraw or amend the motion). See <u>In Re: Stanley Forbes</u>, Case No. 05-12993 (11th Cir. June 22, 2005) (attached to Forbes's motion). The Eleventh Circuit reasoned that, because Forbes was not informed of the consequences of this Court's action, he had not yet filed a true § 2255 motion. The decision, however, did not address any issue arising under the limitations provision of the statute.

Forbes filed a Motion to Vacate, Set Aside or Correct Sentence on June 22, 2006. On July 19, 2006, this Court entered an order directing the United States to respond to this Motion within thirty days. The Court further directed that the response focus "entirely on the applicability of the period of limitation in this case pursuant to the provisions contained in 28 U.S.C. § 2255." The United States responds as follows:

**II.     FORBES HAS NOT MET THE ONE-YEAR PERIOD OF LIMITATIONS FOR THE FILING OF CLAIMS UNDER 28 U.S.C. § 2255**.

Forbes's § 2255 claim is barred by § 2255's one-year statute of limitations. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

The Eleventh Circuit affirmed Forbes's convictions on June 6, 1997. A judgment of conviction becomes final after an appeal when the time for seeking certiorari review in the Supreme Court expires. See Clay v. United States, 537 U.S. 522 (2003); Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir. 2002). Forbes had ninety days from June 6, 1997, to petition the United States Supreme Court for certiorari review. See Sup. Ct. R. 13.1. His failure to seek further review resulted in the finalization of his convictions on September 4, 1997. Thus, Forbes had until September 4, 1998 - one year after September 4, 1997 - to file a § 2255 motion.

Forbes's § 2255 motion, however, was not filed until June 22, 2006, almost eight years after the period of limitations expired in his case. Thus, the motion must be dismissed as untimely. See Close v. United States, 336 F.3d 1283 (11th Cir. 2003) (upholding and explaining the application of one-year limitations period to a § 2255 petition).

Forbes asserts that his motion is timely filed under Castro v. United States, 540 U.S. 375 (2003). Although his motion was filed within one year of the Eleventh Circuit's determination that he did not need permission to file a motion under § 2255, the decision did not affect the date on which his conviction became final. Rather, the Castro decision, and its application to Forbes's post-conviction motion, only impacted his ability to file a § 2255 motion without

3

permission from the Eleventh Circuit. It did not alter any other procedural aspects in Forbes's case. Therefore, the last date on which he could have filed a timely motion under § 2255 remains September 4, 1998.

An identical result was required when an untimely § 2255 was at issue in Nolan v. United States, 358 F.3d 480 (7th Cir. 2004). In Nolan, Nolan and his co-defendant (Henderson) filed a joint motion for a new trial two years after their direct appeal was decided. The motion was denied, and both men separately sought permission from the Seventh Circuit to file a successive § 2255 motion. Nolan's application was dismissed without prejudice because it was unclear whether any of his previous filings had been treated as a § 2255 motion. In Henderson's case, decided prior to Castro, the Seventh Circuit dismissed his request as moot because the district court failed to warn Henderson of the consequences of treating his new trial motion as a § 2255 motion. Henderson v. United States, 264 F.3d 709, 711 (7th Cir. 2001). Like Forbes's Eleventh Circuit ruling, the Seventh Circuit found that permission to file was unnecessary, but did not "address any other procedural requirements for § 2255 motions." Nolan, 358 F.3d at 482.

Two months after the Henderson decision, Nolan filed a § 2255 motion. The District court dismissed Nolan's motion as untimely. On appeal, the Seventh Circuit first considered the limitations provisions in § 2255 ¶ 6 and found that Nolan's motion did not fit within any of the circumstances provided. Id. at 483. It then examined whether Nolan's motion qualified for equitable tolling. Nolan argued that equitable tolling applied because, until the court decided Henderson, [he] reasonably believed that his new trial motion, which the district court construed as a § 2255 motion without notice to [him], 'counted' as a prior collateral attack for purposes of § 2255 ¶ 8. The Seventh Circuit noted that there was a difference between a timely petition and a

4

"successive petition," and restated its position that for § 2255 purposes, "once the direct appeal ends the clock starts ticking." Id. at 485 (quoting O'Connor v. United States, 133 F.3d 548, 551 (7th Cir. 1998)). The court thus concluded that Nolan did not present a "truly exceptional situation" that would justify the equitable tolling of a statute of limitations. Id. at 486.

The parallels between Nolan and Forbes's case demand the same result. Forbes's assertion that his motion is timely under Castro is erroneous because that case merely afforded him an opportunity to file a § 2255 motion without permission from the Eleventh Circuit. It did not restart the clock on the date his conviction became final. Moreover, this case is even less compelling because, unlike Nolan, Forbes has had, for the past three years, the benefit of the knowledge of the Castro decision.

Likewise, equitable tolling is not an option. Equitable tolling is an extraordinary remedy which is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Forbes has not satisfied this standard, as he has not attempted to explain why he filed a § 2255 motion almost nine years after his conviction became final, and three after the decision in Castro.

In light of the foregoing, Forbes's motion for relief on legal claims pursuant to 28 U.S.C. § 2255 was untimely filed, and this Court should therefore summarily dismissed it.

### III.  CONCLUSION

For the above reasons, Defendant/Movant Stanley Forbes has failed to demonstrate that his § 2255 motion was timely filed. Accordingly, his Motion should be dismissed with prejudice.

Respectfully submitted this 18th day of August, 2006.

                                        LEURA G. CANARY  
                                        UNITED STATES ATTORNEY

                                        /s/ Christopher A. Snyder  
                                        CHRISTOPHER A. SNYDER  
                                        Assistant United States Attorney  
                                        Post Office Box 197  
                                        Montgomery, Alabama 36101-0197  
                                        (334) 223-7280  
                                        (334) 223-7135 fax  
                                        christopher.a.snyder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **STANLEY FORBES,** ) | |
| ) | |
| **Defendant/Movant,** ) | |
| ) | |
| vs. ) | CASE NO. 2:06cv614-WHA-DRB |
| ) | (No. 95cr141-S) |
| **UNITED STATES,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have mailed by United States Postal Service the document to the following non-CM/ECF participant: Stanley Forbes, # 09353-002, Federal Correctional Institution, PMB 1000, Talladega, AL 35160.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
christopher.a.snyder@usdoj.gov