IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STANLEY FORBES,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )        2:06cv614-WHA
                                         )        [WO]
UNITED STATES OF AMERICA,                )
                                         )
            Defendant.                   )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. # 5) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 filed by federal inmate Stanley Forbes ["Forbes"] on June 22, 2006. In its response, the government argues that Forbes's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government contends that Forbes's convictions for various federal controlled substance offenses became final on September 4, 1997 – 90 days after entry of the appellate court's judgment affirming the convictions – and that the instant § 2255 motion was filed well after expiration of the one-year period of limitation. *See Aug. 18, 2006 Response of United States* (Doc. # 5) at 2-5.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation

---

[1]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Forbes was convicted on December 7, 1995, and he was sentenced on June 20, 1996. *See Aug. 18, 2006, Response of United States* (Doc. # 5) at 1. He appealed to the Eleventh Circuit Court of Appeals, and on June 6, 1997, that court affirmed his convictions and sentence. *Id*. at 3. Forbes did not petition the United States Supreme Court for a writ of certiorari. By operation of law, then, his convictions became final on September 4, 1997 – 90 days after entry of the appellate court's judgment affirming the convictions.[2] Thus, Forbes had until September 4, 1998, to file a timely § 2255 motion. The instant § 2255 motion was not filed until June 22, 2006.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case. Specifically, Forbes's claims do not rest on an alleged

---

[2]When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

2

"right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Moreover, the court notes that the government has not prevented Forbes from filing an earlier motion nor has Forbes submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction. Further, it does not appear that any of § 2255's other exceptions to application of the limitation period are applicable in this case.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Forbes's filing his motion to vacate.  Accordingly it is

ORDERED that on or before September 12, 2006, Forbes shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 21st day of August, 2006.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE