IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY FORBES,<br>Petitioner, | * | CIVIL CASE<br>NO. 2:06-CV-614-WHA |
| VS. | * | |
| UNITED STATES OF AMERICA,<br>Respondent. | * | CRIMINAL CASE<br>NO. 95-CR-141-S |

### PETITIONER'S ANSWER TO COURT'S ORDER TO SHOW CAUSE WHY § 2255 MOTION SHOULD NOT BE DISMISSED

Comes Now, Petitioner Stanley Forbes, pro se (Forbes), and submits this answer to the Court's order dated August 21, 2006, to show cause why his motion filed pursuant to 28 U.S.C. § 2255 should not be dismissed as untimely under § 2255's one-year limitations period. In support of this Answer Forbes alleges the following:

### I. BACKGROUND.

On December 7, 1995, Fobes was convicted by a jury in Criminal Case No. 1:95-CR-141-EEC on three counts of violating 21 U.S.C. § 846 (Count One) and 21 U.S.C. § 841(a)(1) (Count Two). On June 20, 1996, this Court sentenced him to a term of 236 months of imprisonment. Forbes appealed his convictions to the United States Court of Appeals for the Eleventh Circuit, which affirmed the decision of this Court on June 6, 1997. Forbes did not petition for rehearing and neither for writ of certiorari to the United States Supreme Court. Forbes' conviction became final ninety days later, on September 6, 1997. Forbes' Attorney, William W. Whatley, Jr., advised of the Eleventh Circuit decision, however, attorney Whatley never once provided Forbes with a copy of the decision and neither was any other legal papers involving this case provided to

Forbes.

On October 8, 1997, Forbes filed a "Motion to Reverse and Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(B)(2) of the Federal Rules of Criminal Procedure." This Court construed the motion as one filed under 28 U.S.C. § 2255 and denied relief. In January 2000, Forbes requested and received a copy of the clerk's docket entries in this case.

On May 27, 2005, Forbes sought permission to file a second § 2255 motion from the Eleventh Circuit. On June 22, 2005, an appellate panel ruled that Forbes did not need permission to file a § 2255 motion under Castro v. United States, 540 U.S. 375 (2003)(prohibiting a district court from recharacterizing a pro se litigant's pleading as one under § 2255 without first notifying the litigant of the consequences, and providing an opportunity to withdraw or amend the motion). See In Re Stanley Forbes, USCA No. 05-12993 (11th Cir. June 22, 2005)(attached to Forbes motion). The Eleventh Circuit reasoned that, because Forbes was not informed of the consequences of this Court's action, he had not yet filed a true § 2255 motion.

On June 22, 2006, Forbes filed a Motion to Vacate, Set Aside or Correct Sentence. On July 19, 2006, this Court entered an order directing the United States to file a response to Forbes' § 2255 motion within thirty days. The Court further directed that the response focus "entirely on the applicability of the period of limitation in this case pursuant to the provision contained in 28 U.S.C. § 2255." The United States filed a response and noted that the Panel in In Re Stanley, did not address any issue arising under the limitation provision of § 2255. Thereafter, the United States argued that Forbes' § 2255 motion is barred by § 2255's one-year limitations period.

This Answer by Forbes follows:

2

II. **FORBES' MOTION IS NOT UNTIMELY.**

In urging that this Court find Forbes' § 2255 motion untimely, the United States rely on a § 2255 case from the Seventh Circuit contending that that case is identical to Forbes situation and therefore like that case was dismissed as untimely so should Forbes' motion. The case is Nolan v. Unite States, 358 F.3d. 480 (7th Cir. 2004). As discussed below, Forbes asserts that Nolan is remarkably distinguished from his situation and therefore cannot support a finding that his § 2255 motion is barred by the statute's limitation period and thus the United States' reliance on Nolan is misplaced.

Forbes asserts that the petitioner in Nolan had already allowed § 2255's one-year limitations period to expire before filing a § 2255 motion and was unable to provide a reason why the limitation period should be equitably tolled. See Nolan, 358 F.3d. at 481-82. (Nolan's conviction and sentence affirmed in June 1995, two years later in April 1997, Nolan filed a Rule 33 motion, and later a § 2255 motion). Unlike Nolan, Forbes timely filed a rule 12(b) motion which was recharacterized as a § 2255 motion in violation of Castro. Because Forbes filed his Rule 12(b) motion within one-year of the date his conviction became final and the motion was erroneously recharacterized, then his present § 2255 motion is considered timely.

On the other hand, Forbes' attorney, Whatley, failed to provide Forbes with any papers (including the necessary papers) to identify the claim(s) presented and affirmed on appeal which would have imparted knowledge upon Forbes of the claims he could present in a § 2255 motion. See Aron v. United States, 291 F.3d. 708, 714 (11th Cir. 2002). Forbes requested his legal papers from attorney Whatley, who was court appointed but was not provided them. Consequently, Forbes filed a Rule 12(b) motion in hopes that § 2255's limitations period would be tolled until he received his legal papers from Whatley. Forbes asserts that his

3

motion is timely under § 2255(4), the due diligence prong of § 2255. See Aron, 291 F.3d. at 715 (defendant entitled to evidentiary hearing where he alleges that counsel failed to provide legal papers in a timely manner for filing § 2255 motion). As of the date of this Answer, Forbes still has not been provided copies of his legal papers other than a docket entry record provided by the clerk of court. Forbes has also filed a motion seeking a court order that he be provided a copy of his legal papers. As shown, Forbes case is controlled by Aron instead of Nolan.

Finally, Forbes asserts that because he has been sentenced on less than all counts of his conviction that his sentence is not final. See In Re United States, 898 F.2d. 1485, 1487 (11th Cir. 1990)(when a defendant is sentence on fewer than all counts of conviction his sentence is non-final) citing United States v. Wilson, 440 F.2d. 1103 (11th Cir. 1972).

**CONCLUSION:**

WHEREFORE, based on the foregoing Petitioner Forbes respectfully urges this Court to find that his § 2255 motion is timely.

RESPECTFULLY SUBMITTED,

STANLEY FORBES, PRO SE.

**EXECUTED ON THIS 12TH DAY OF SEPTEMBER, 2006.**

4

## CERTIFICATE OF SERVICE

I, Stanley Forbes, hereby certify that on this date noted below that I have served a true copy of the foregoing Answer on the following Counsel by affixing proper postage and depositing the same inside the legal mailbox inside Federal Correctional Institution Talladega, located in Talladega, Alabama, and addressed as follows:

Christopher A. Synder
Assistant U.S. Attorney
Post Office Box 197
Montgomery, Al 36101--197

**EXECUTED ON THIS 12TH DAY OF SEPTEMBER, 2006.**

STANLEY FORBES, PRO SE.
REG. NO. 09535-002
FCI TALLADEGA
PMB 1000
TALLADEGA, AL 35160