IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY FORBES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06cv614-WHA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (WO) |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Stanley Forbes ("Forbes") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.    PROCEDURAL HISTORY**

On December 7, 2005, a jury convicted Forbes of conspiracy to distribute cocaine base (21 U.S.C. § 846) and two counts of possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)). The court sentenced him to 236 months' imprisonment. Forbes appealed to the Eleventh Circuit, and on June 6, 1997, the appellate court affirmed his conviction and sentence. *See United States v. Forbes*, 116 F.3d 1493 (11th Cir. Jun. 6, 1997) (No. 96-6655, Table). He did not seek certiorari review in the Supreme Court.

On October 8, 1997, Forbes filed a pleading styled as a "Motion to Reverse and Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure." *See* Case No. 1:95cr141 (Doc. No. 160). This court

recharacterized Forbes's motion as one filed under 28 U.S.C. § 2255, and, on January 25, 2000, denied Forbes relief on all claims presented in his motion. *Id*. (Doc. Nos. 162 & 172-174).

More than five years later, on May 27, 2005, Forbes filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this court to consider a second or successive 28 U.S.C. § 2255 motion.[1] On June 22, 2005, an appellate panel for the Eleventh Circuit ruled that under *Castro v. United States*, 540 U.S. 375 (2003), Forbes did not need permission to file a second § 2255 motion because this court had not first notified him of its intent to recharacterize his 1997 "Rule 12(b) motion" as a § 2255 motion – or of the consequences of the intended recharacterization – before denying that motion.[2] *See In re: Stanley Forbes*, No. 05-12993 (11th Cir. Jun. 22, 2005). The Eleventh Circuit reasoned that, because this court did not follow the procedure set out in *Castro*, Forbes's "Rule 12(b)

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

[2] In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that a district court may not recharacterize a *pro se* litigant's pleading as a § 2255 motion without first notifying the litigant of its intended recharacterization and its consequences and providing the litigant an opportunity to withdraw or amend the motion. 540 U.S. at 383. If a district court fails to do so, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id.*

motion" "does not count as an initial § 2255 motion for purposes of the 'second or successive requirements." *See id*. The Eleventh Circuit's decision, however, did not address any issue that might arise under the limitation period applicable to motions filed under 28 U.S.C. §2255.

On June 22, 2006 (Doc. No. 1), Forbes filed the instant § 2255 motion,[3] in which he asserts various allegations of ineffective assistance of counsel as well claims that his right to confront adverse witnesses was violated at trial and that his sentence is contrary to the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

Pursuant to the orders of this court, the United States filed a response (Doc. No. 5) addressing the applicability of the period of limitation to Forbes's § 2255 motion. In its response, the government argues that Forbes's motion is barred by the one-year period of limitation. *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[4] Specifically, the government contends that the conviction Forbes challenges by his motion became final on September 4, 1997 – 90 days after entry of the appellate court's judgment affirming the convictions – and that the instant § 2255 motion was filed well after expiration

---

[3] Although Forbes's motion was date-stamped "received" in this court on July 13, 2006, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, June22, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[4] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

of the one-year period of limitation. (Doc. No. 5 at 2-5.) Forbes was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 7.)

After due consideration and upon review of the § 2255 motion, the pleadings, and the record, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Forbes's motion should be denied and this case dismissed with prejudice.

## II.  DISCUSSION

### A.  Period of Limitation

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Forbes was convicted on December 7, 1995, and he was sentenced on June 20, 1996. (Doc. No. 5 at 1.) He appealed to the Eleventh Circuit Court of Appeals, and on June 6, 1997, that court affirmed his conviction and sentence. (*Id*. at 3.) Forbes did not petition the

United States Supreme Court for a writ of certiorari. By operation of law, then, his conviction became final on September 4, 1997 – 90 days after entry of the appellate court's judgment affirming the conviction.[5] Thus, Forbes had until September 4, 1998, to file a timely § 2255 motion.[6] The instant § 2255 motion, however, was not filed until June 22, 2006.

B. **Equitable Tolling**

Forbes contends that his § 2255 motion is timely under *Castro*, 540 U.S. 375, *supra*. (Doc. No. 1 at 4-5; Doc. No. 7 at 2-4.) In so contending, he appears to suggest that this court's failure to follow the procedure set out in *Castro* when recharacterizing his 1997 "Rule 12(b) motion" as a § 2255 motion operated to equitably toll the running of the limitation period in his case.[7] In this vein, Forbes argues that because his "Rule 12(b) motion" was filed before expiration of the one-year limitation period and his instant § 2255 motion was

---

[5] When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

[6] Forbes makes a conclusory assertion that the court sentenced him on fewer than all the counts of which he was convicted and that, consequently, his sentence is not final. (Doc. No. 7 at 4.) Forbes does not point to any facts in support of this claim, and the record indicates that he was sentenced to 236 months' imprisonment for each of the three counts of conviction, the sentences to run concurrently. *See* Case No. 1:95cr141, *Judgment* (Doc. No. 130). Thus, Forbes's claim in this regard lacks merit.

[7] The limitation period may be equitably tolled on grounds apart from those specified in the statute if there are "extraordinary circumstances" presented by the movant which warrant an "equitable tolling" of the limitation period. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

filed within a year after the Eleventh Circuit's ruling then, under *Castro*, he did not need permission to file a second or successive § 2255 motion, the instant § 2255 motion is not time-barred. Forbes's argument in this regard, however, is unavailing under *Outler v. United States*, 485 F.3d 1273 (11th Cir. 2007), a case involving facts very similar to those in the instant case.

Like Forbes, Outler filed a post-conviction motion with the district court before his limitation period expired, which he did not characterize as a § 2255 motion. The district court in *Outler* recharacterized his motion as a § 2255 motion, and then denied it on the merits. In analyzing Outler's equitable tolling argument, the Eleventh Circuit held that equitable tolling is available only if the petitioner establishes (1) extraordinary circumstances, and (2) due diligence. *Outler*, 485 F.3d at 1280 (citing *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004)). The Eleventh Circuit also noted that equitable tolling is an extraordinary remedy which is sparingly applied, and that Outler bore the burden of proving equitable tolling. *Id*. Relying on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and focusing primarily upon the extraordinary circumstances requirement for equitable tolling, the Eleventh Circuit held that the mere change of law effected by *Castro* did not constitute extraordinary circumstances sufficient to equitably toll the limitation period.[8] *Outler*, 485 F.3d at 1281.

---

[8] Although Forbes does not appear to argue in his case that the mere change of law effected by *Castro* satisfied the extraordinary circumstances requirement for equitable tolling, even if the argument has been made, it would be foreclosed by *Outler*.

The Eleventh Circuit in *Outler* also considered other factors urged by the petitioner as extraordinary. Outler argued that the district court's recharacterization deterred him from filing additional claims because of the restrictions on successive § 2255 motions. The Eleventh Circuit noted that to the extent Outler was unaware that the recharacterization would impose restrictions to his filing of additional claims, he would have experienced no deterrence to filing additional claims before the expiration of the limitation period. *Id*. at 1282. The Eleventh Circuit then noted that to the extent Outler might have been aware that recharacterization would impose restrictions to his filing of additional claims within his limitation period, common sense indicates that he would have promptly contested such recharacterization and promptly asserted such additional claims, or least a desire to assert them. *Id*. The appellate court then analyzed the actions taken by Outler prior to the expiration of his limitation period and noted that he made no objection at all in the district court to the district court's actual recharacterization of his motion. The Eleventh Circuit declined to presume, from the mere fact of recharacterization, that Outler was deterred from filing additional claims within his limitation period in the absence of any evidence demonstrating actual deterrence. Focusing upon the actions taken by Outler prior to the expiration of his limitation period, the Court concluded that Outler had failed to prove that he was deterred by the recharacterization, and thus had failed to satisfy the extraordinary

circumstances requirement for equitable tolling.[9]  *Id*. at 1282-84.

The record reflects that, prior to expiration of his period of limitation, Forbes did not file any pleading in the district court challenging the recharacterization of his "Rule 12(b) motion" as a § 2255 motion or alerting the district court (or the appellate court) that he had additional claims he wished to raise in a § 2255 motion.  Thus, Forbes fails to provide convincing evidence that the recharacterization actually deterred him from filing additional claims before the expiration of his limitation period.  The substantive claims for relief from his conviction that were in fact asserted prior to the expiration of the period of limitation were addressed on the merits and denied.  Under the circumstances, and pursuant to the analysis set out in *Outler*, Forbes has failed to prove his entitlement to equitable tolling.

Forbes also suggests that he is entitled to tolling of the limitation period based on his counsel's alleged failure to provide him with any of his legal papers necessary for him to determine what issues to present in a timely § 2255 motion. (Doc. No. 7 at 3-4.)  He specifically complains of counsel's failure to furnish him with a copy of his trial transcript.  However, Forbes alleges only conclusory facts in this regard which are insufficient to indicate that he exercised any due diligence in obtaining his legal papers prior to the filing of the instant § 2255 motion.  Moreover, assuming that Forbes did exercise diligence in attempting to obtain his legal papers and such papers were necessary for him to fully present

---

[9] Much of the summary of the *Outler* decision in this Recommendation is from the Eleventh Circuit's opinion in *Williams v. United States*, 491 F.3d 1282 (11th Cir. 2007), a case with facts similar to those of *Outler* and the instant case, and where the holding followed *Outler*. *See* 491 F.3d at 1287.

his claims, Forbes fails to show that there were any restrictions on his filing a timely § 2255 accompanied by a request for his legal papers, which would have tolled the running of the limitation period. Forbes fails to demonstrate the existence of the "extraordinary circumstances" that would warrant a tolling on this basis. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (equitable tolling is justified only under "extraordinary circumstances").

### C.   Exceptions Under § 2255 ¶ 6 (2)-(4)

It further does not appear that any of § 2255's statutory exceptions to application of the period of limitation are applicable in Forbes's case. *See* 28 U.S.C. § 2255 ¶ 6 (2)-(4). First, Forbes does not allege specifically that the recharacterization of his 1997 "Rule 12(b) motion" constituted an impediment and thus triggered a new starting date for his period of limitation pursuant to § 2255 ¶ 6(2). In any event, that very argument was rejected by the Eleventh Circuit in *Outler*. 485 F.3d at 1279.

Further, although Forbes does not argue that *Castro* constituted a new right that triggered a new limitations starting date under § 2255 ¶ 6(3), the Eleventh Circuit also rejected that argument in *Outler*. 485 F.3d at 1280.

Finally, Forbes has not submitted any claim with supporting facts that could not have been previously discovered through the exercise of due diligence such that his limitation period should run at a time other than upon the finality of his conviction under § 2255 ¶ 6(4).

The one-year limitation period of 28 U.S.C. § 2255 expired before Forbes filed his

§ 2255 motion. Based on the foregoing, the court concludes that Forbes has failed to show cause why his § 2255 motion should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 31, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 18th day of March, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE